UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CITY OF MARYLAND HEIGHTS, et al., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Case No. 4:12CV00755 AGF |
| TRACFONE WIRELESS, INC., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This putative class action is before the court on the motion of Plaintiffs City of Maryland Heights, Missouri ("Maryland Heights") and City of Winchester, Missouri ("Winchester") (collectively, the "Plaintiffs") to remand this action to the state court in which it was filed. Also before the Court is the motion of Defendant TracFone Wireless, Inc., ("Defendant") to dismiss for failure to state a claim upon which relief may be granted. For the reasons set forth below, the motion to remand will be granted and the motion to dismiss denied without prejudice.

**BACKGROUND**

Plaintiffs, two Missouri municipalities, filed this class action in the Circuit Court of St. Louis County, Missouri, on behalf of themselves and others similarly situated, seeking a declaratory and injunctive relief against Defendant, a telephone service provider and Delaware corporation with its principal place of business in Florida.

In the complaint filed in Missouri state court, Plaintiffs allege that Defendant's

business activity in Missouri is subject to local ordinances that impose certain business license taxes.   Plaintiffs further allege that they have informed Defendant of these ordinances, but Defendant has failed to file the required statement or pay all required taxes during the preceding five years.   Plaintiffs seek a declaration that their tax ordinances apply to Defendant's gross receipts, an accounting of all taxes owed by Defendant to the cities, an injunction requiring Defendant to pay taxes on its gross receipts, payment of back taxes, interest, and penalties, and attorney's fees and costs.

Defendant timely removed the action to this Court asserting that the Court has jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA").   28 U.S.C. § 1332(d).   CAFA authorizes removal of putative class actions if: 1) the amount in controversy exceeds $5,000,000 in the aggregate; 2) the citizenship of at least one member of the proposed class is diverse from any defendant; and 3) the proposed class size is not less than 100."  *Id.*

Plaintiffs moved to remand asserting that the CAFA amount in controversy and class size requirements are not met here.   Plaintiffs also assert that even if those jurisdictional requirements are met that the Court should decline to exercise jurisdiction pursuant to the principles set forth in *Younger v. Harris*, 401 U.S. 37 (1971).

Defendant contends that removal is proper but move to dismiss the complaint for failure to state a claim, arguing that Plaintiffs, acting in violation of the Missouri Constitution, seek to impose a tax on Defendant that they do not impose on "similarly situated" taxpayers.   In addition, Defendant assert that Plaintiffs lack authority under

Missouri law and the Commerce Clause of the United States Constitution to tax Defendant's business activities.

**DISCUSSION**

Statutes, such as CAFA, conferring federal jurisdiction, "should be read with sensitivity to 'federal-state relations' and 'wise judicial administration.'" *Levin v. Commerce Energy, Inc.*, 130 S. Ct. 2323, 2331 (2010) (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996)). CAFA was enacted to address perceived abuses in *consumer* class action practice, such as forum shopping, coupon settlements, awards of little or no value, and confusing notices that prevent class members from being able to fully understand and effectively exercise their rights. *See* Historical and Statutory Notes to 28 U.S.C. § 1711 (emphasis added). There is no indication that matters of state and local tax administration, like this one, were intended to fall within CAFA's ambit. *See* 28 U.S.C. § 1332(d)(4)(A)(ii). In addition, principles of federalism and comity counsel against the exercise of CAFA jurisdiction here. *See Levin*, 130 S. Ct. at 2331.

Courts may decline to exercise jurisdiction where issues of comity and federalism counsel against entertaining claims that risk disrupting state and local tax administration.[1] *Dows v. Chicago*, 11 Wall. 108, 110 (1871) (holding that "[i]t is upon taxation that the several States chiefly rely to obtain the means to carry on their respective governments, and it is of the utmost importance to all of them that the modes adopted to enforce the

---

[1] It is well established that county, municipal and local taxes constitute "state taxes" for purposes of the comity doctrine. *See Fair Assessment in Real Estate Assn., Inc. v. McNary*, 454 U.S. 100, 112 (1981) (holding comity doctrine applicable to suit involving St. Louis County property taxes).

taxes levied should be interfered with as little as possible."). The doctrine of comity reflects "'a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in separate ways.'" *Fair Assessment in Real Estate Assn., Inc. v. McNary*, 454 U.S. 100, 112 (1981) (quoting *Younger*, 401 U.S. at 44).

The strong preference for the litigation of state tax issues in state courts rather than in federal courts is reflected in the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, which prohibits a federal court from (i) issuing an injunction that would enjoin, suspend, or restrain the assessment, levy, or collection of a state tax; (ii) granting a declaratory judgment as to the collectability of a state tax; or (iii) or entertaining a suit for damages in connection with the administration of a state tax. *See Rosewell v. LaSalle Nat. Bank*, 450 U.S. 503, 522 (1981) (the principal purpose of the TIA is "to limit drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes."). Because the Court concludes that the comity doctrine justifies remand of Plaintiffs' suit, the Court is not required to decide whether the TIA would itself block the suit. *Levin,* 103 S. Ct. at 2336-37 (citing *Great Lakes Dredge & Dock Co. v. Huffman,* 319 U.S. 293, 299, 301 (1943) (reserving judgment on the TIA's application where comity precluded suit)).

Although the predicates for the application of the TIA may not be present here, the comity principle, broader in scope than the TIA, weighs against the exercise of

jurisdiction in this case. *See Levin*, 130 S. Ct. at 2336-37. Although the TIA did not apply, the Supreme Court noted nevertheless that "[c]omity's constraint has particular force when lower federal courts are asked to pass on the constitutionality of state taxation of commercial activity." *Id*. at 2330 (stating that "[a]n examination of [our] decisions shows that a proper reluctance to interfere by prevention with the fiscal operations of the state governments has caused [us] to refrain from so doing in all cases where the Federal rights of the persons could otherwise be preserved unimpaired.") (internal quotation omitted); *National Private Truck Council, Inc. v. Oklahoma Tax Com'n.*, 515 U.S. 582, 590 (1995) (stating that "[g]iven the strong background presumption against interference with state taxation, the TIA may be best understood as but a partial codification of the federal reluctance to interfere with state taxation."); *Fair Assessment*, 454 U.S. at 110 (stating that "[n]either the legislative history of the [TIA] nor that of its precursor, . . . suggests that Congress intended that federal-court deference in state tax matters be limited to the actions enumerated in those sections. . . . Thus, the principle of comity which predated the Act was not restricted by its passage.").

Assuming without deciding, that the jurisdictional requirements for removal under CAFA are satisfied here, the Court nonetheless concludes that pursuant to the reasoning set forth in *Levin* it should properly decline to exercise jurisdiction here and remand this action to state court. *See Levin*, 130 S. Ct. at 2331, 2336.

*Levin* settled a circuit split regarding the reach of the comity doctrine in cases challenging the constitutionality of state tax schemes. Before *Levin*, the Fourth and

Tenth Circuits held that the principles of federalism and comity required federal abstention in certain tax cases beyond the ambit of the Tax Injunction Act (TIA), *see DIRECTV, Inc. v. Tolson*, 513 F.3d 119, 127 (4th Cir. 2008); *Hill v. Kemp*, 478 F.3d 1236, 1247 (10th Cir. 2007), while the First, Sixth, and Seventh Circuits held that the comity doctrine was no more than coextensive with the TIA. *See Coors Brewing Co. v. Mendez–Torres*, 562 F.3d 3, 18 (1st Cir. 2009); *Commerce Energy, Inc. v. Levin*, 554 F.3d 1094, 1097 (6th Cir. 2009), *rev'd*, 130 S.Ct. 2323 (2010); *Levy v. Pappas*, 510 F.3d 755, 760–61 (7th Cir. 2007). In *Levin* the Supreme Court made clear that the scope of the comity doctrine is broader than the TIA. *Levin,* 130 S.Ct. at 2336.

The considerations relevant to application of the comity principle and identified in *Levin* also are present here. *Id.* First, in seeking removal of this action, Defendant invites "federal-court review of commercial matters over which [Missouri and Missouri municipalities] enjoy wide regulatory latitude." *Id.* Second, certain defenses raised here involve application of Missouri law and the Missouri Constitution. Without question the state court is more familiar with Missouri's tax laws and the intent of the Missouri legislature. *See id.*; *see also Rainbod Trout Farms, Inc. v. Brownback*, No. 11–1290–RDR, 2012 WL 3879890, at *5 (D. Kan. Sept. 6, 2012). Although Defendant raises federal constitutional defenses as well, these do not involve "any fundamental right or classification that attracts heightened judicial scrutiny" so as to justify the exercise of federal jurisdiction. *Levin*, 130 S. Ct. at 2336 (noting that equal protection challenges to classifications not warranting higher scrutiny will not mandate a federal forum). Third, if

the tax ordinances at issue here are declared unconstitutional, Missouri courts are "better positioned than this Court to correct any violation because they are more familiar with state legislative preferences and because the TIA does not constrain their remedial options." *Id.* at 2335. (holding that because the federal court is prohibited from enjoining tax collection under state law and cannot reshape the relevant provisions of a state or municipal tax code, the state court is better positioned to provide an adequate remedy if it finds that the state's taxation scheme is unconstitutional); *see also Associated Elec. Co-op., Inc. v. Town of Dell,* No. 3:12CV00110–JMM, 2012 WL 2789708, at *1 (E.D. Ark. Jul. 9, 2012) (same); *Normand v. Cox Commc'ns, LLC ,* 848 F. Supp. 2d 619, 625 (E.D. La. 2012) (applying the comity principles set forth in *Levin* to the situation where a municipality instituted suit to obtain a declaration that the local tax applied to a particular business).

Finding the considerations noted in *Levin* applicable in the present case, the Court is satisfied that the proper exercise of its discretion "demand[s] deference to the state adjudicative process."[2] *Levin*, 130 S. Ct. at 2336; *see also Normand v. Cox Communications, LLC*, 848 F. Supp. 2d at 625.

---

[2] The Eighth Circuit's decision in *City of Jefferson City, Mo. v. Cingular Wireless, LLC,* 531 F.3d 595 (8th Cir. 2008), is not to the contrary. That case not only preceded the decision in *Levin* and its delineation of the broad scope of the comity doctrine, but there the plaintiff city chose to initiate suit in the federal forum. *Id.* at 595.

Accordingly,

**IT IS HEREBY ORDERED**, that Plaintiff's motion to remand is **GRANTED**. (Doc. No. 10.)

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss and all other pending motions are **DENIED without prejudice.** (Doc. No.14.)

**IT IS FURTHER ORDERED** that the Clerk of the Court shall take all necessary steps to deliver the file and all appropriate documents necessary for the remand of this matter to the Circuit Court for Saint Louis County, Missouri.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 4th day of March, 2013.